Slip Op. 07-21

UNITED STATES COURT OF INTERNATIONAL TRADE

```
-----------------------------x
FAIRMONT DESIGNS, INC.,        :
DONGGUAN SUNRISE FURNITURE     :
CO., TAICANG SUNRISE WOOD      :
INDUSTRY CO., LTD. AND         :
SHANGHAI SUNRISE FURNITURE     :
CO., LTD.                      :
                               :
             Plaintiffs,       :
                               :    Before: Pogue, Judge
         v.                    :    Court No. 06-00249
                               :
UNITED STATES,                 :
                               :
             Defendant,        :
                               :
AMERICAN FURNITURE MFRS.       :
COMM. FOR LEGAL TRADE          :
                               :
             Defendant-        :
               Intervenors     :
                               :
-----------------------------x
```

[Defendant's motion to dismiss granted; judgment of dismissal entered.]

Dated: February 14, 2007

Miller & Chevalier Chartered (Peter J. Koenig, Daniel P. Wendt) for Plaintiffs.

Peter D. Keisler, Assistant Attorney General; Jeanne Davidson, Acting Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael D. Panzera); Natasha C. Robinson, Attorney, Of Counsel, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for the Defendant.

King & Spalding, LLP (Joseph W. Dorn, Stephen A. Jones, Jeffrey M. Telep, J. Michael Taylor) for the Defendant-Intervenor.

**OPINION AND ORDER**

**Pogue, Judge:** The matter before the court is, in all material respects save for one, identical to the companion case before the court in <u>American Signature, Inc. v. United States</u>, 31 CIT __, Slip Op. 07-20 (Feb. 14, 2007)("<u>American Signature</u>").[1] The only difference between the two cases is that <u>during the investigation</u>, Fairmont requested that Commerce issue instructions to Customs to retroactively assess duties at the amended rate, and to return all excess cash deposits and release all excess bonds immediately.[2]

_____

[1]Familiarity with the court's opinion in <u>American Signature</u> is presumed.

[2]There also are slight, but not material, differences between the calculation of the antidumping rates at issue here and the rate at issue in <u>American Signature</u>. In determining antidumping rates in its Wooden Bedroom Furniture investigation, Commerce assigned individual rates to mandatory respondents, an all-others separate rate to companies that demonstrated both <u>de facto</u> and <u>de jure</u> independence from government control, and a PRC-wide rate of 198.08% to companies that did not demonstrate sufficient independence from the PRC government. <u>Wooden Bedroom Furniture from the People's Republic of China</u>, 69 Fed. Reg. 67,313(Dep't Commerce Nov. 17, 2004)(final determination of sales at less than fair value)("<u>Final Determination</u>"); <u>See also</u>, <u>Decca Hospitality Furnishings LLC v. United States</u>, 29 CIT __, __, 391 F. Supp. 2d 1298, 1300 (2005); <u>Guangzhou Maria Yee Furnishings, Ltd. v. United States</u>, 29 CIT __, __, 412 F. Supp. 2d 1301, 1304 (2005).
        In the case at bar, Commerce in its preliminary determination, initially, mistakenly, applied the PRC-wide rate to Fairmont Designs, Inc. <u>et al.</u> (collectively "Fairmont"). Commerce partially corrected this ministerial error in its first amended preliminary results <u>Wooden Bedroom Furniture from the People's Republic of China</u>, 69 Fed. Reg. 35,312, 35,327-28 (Dep't Commerce June 24, 2004)(notice of preliminary determination of
                                                    (continued...)

See Final Determination, 69 Fed. Reg. at 67,317. American

Signature requested such a retroactive assessment after the

conclusion of the investigation. See American Signature, 31 CIT

__, __, Slip Op. 07-20 at 7, 12-13. The difference, however, is

not material.

In the "Issues and Decision Memorandum" for the Less-Than-

Fair-Value Investigation of Wooden Bedroom Furniture from the

People's Republic of China that accompanied and was adopted by the

Final Determination, Commerce rejected Fairmont's request that

Commerce instruct Customs to assess duties at the newly amended

---

[2](...continued)
sales at less than fair value and postponement of final
determination). In the first amended preliminary results,
Commerce applied a separate rate to Dongguan Sunrise Furniture
Co., but did not apply the separate rate to the other companies
in the Fairmont group. Wooden Bedroom Furniture from the
People's Republic of China, 69 Fed. Reg. 47,417, 47,418 (Dep't
Commerce Aug. 5, 2004)(notice of amended preliminary antidumping
duty determination of sales at less than fair value). On
September 9, 2004, Commerce published second amended preliminary
results specifying that other companies within the Fairmont group
also were entitled to the revised separate rate (of 12.91 %).
Wooden Bedroom Furniture from the People's Republic of China, 69
Fed. Reg. 54,643, 54,645 (Dep't Commerce Sept. 9, 2004)(notice of
amended preliminary antidumping duty determination of sales at
less than fair value and amendment to scope)("Second Amended
Preliminary Determination").
    Therefore, Fairmont seeks refund of any cash deposit
overpayments resulting from Commerce's ministerial errors in its
application of the PRC-wide rate rather than the separate rate.
Though the ministerial error that caused the variance between the
cash deposit rate and the antidumping duty rate determined by the
Second Amended Preliminary Determination for the Fairmont group
differed in type and pecuniary effect from the ministerial errors
that caused the variance in American Signature, the analysis of
the court's jurisdiction remains the same.

rate which had been corrected for ministerial errors, not only prospectively but retrospectively (for the period of June 24, 2004 through September 9, 2004). Memorandum from James H. Jochum to Jeffrey A. May, Issues and Decision Memorandum for the Less-Than-Fair-Value Investigation of Wooden Bedroom Furniture from the People's Republic of China, at 231-233 (Cmt. 33), Dep't of Commerce (November 8, 2004), Amended Public Record Ex. 5, available at http://ia.ita.doc.gov/frn/summary/prc/04-25507-1.pdf. Fairmont could have challenged that determination pursuant to 28 U.S.C. § 1581(c)[3], and as such, cannot properly bring this case under 28 U.S.C. § 1581(i). See Norcal/Crosetti Foods, Inc. v. United States, 963 F. 2d 356, 359 (Fed. Cir. 1992)(jurisdiction is not available under 28 U.S.C. 1581(i) when "jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate.")(emphasis in original); see also Norsk Hydro Canada, Inc. v. United States Appeal Nos. 06-1044, 06-1052, at 14-16 (Fed. Cir. Dec. 14, 2006)(an analysis of jurisdiction requires determination of the "true nature of the action in district court."). This case is therefore controlled by the court's decision in American Signature. Accordingly, the court grants Defendant's motion and dismisses Plaintiff's claim, in accordance

_____

[3]All references to the United States Code ("U.S.C.") are to the 2000 edition.

with USCIT R. 12(b)(1), and  dissolves the preliminary injunction.

Judgment will be entered accordingly.



                                        /s/ Donald C. Pogue
                                         Donald C. Pogue
                                              Judge



Dated:     February 14, 2007
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

```
-----------------------------x
FAIRMONT DESIGNS, INC.,          :
DONGGUAN SUNRISE FURNITURE       :
CO., TAICANG SUNRISE WOOD        :
INDUSTRY CO., LTD. AND           :
SHANGHAI SUNRISE FURNITURE       :
CO., LTD.                        :
                                 :
              Plaintiffs,        :
                                 :    Before: Pogue, Judge
          v.                     :    Court No. 06-00249
                                 :
UNITED STATES,                   :
                                 :
              Defendant,         :
                                 :
AMERICAN FURNITURE MFRS.         :
COMM. FOR LEGAL TRADE            :
                                 :
              Defendant-         :
                Intervenors      :
                                 :
-----------------------------x
```

**JUDGMENT**

Upon consideration of Plaintiff's complaint, Defendant's motion to dismiss, and all other pertinent papers, and after due deliberation, it is hereby

**ORDERED** that Defendant's motion be granted; and further

**ORDERED** that this action is dismissed; and it is further

**ORDERED** that the preliminary injunction be dissolved.

/s/ Donald C. Pogue
Donald C. Pogue
Judge

Dated:    February 14, 2007
          New York, New York